# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY CALDWELL,

                Plaintiff,

v.

JARED HOY,

                Defendant.

Case No. 25-CV-1835-JPS

**ORDER**

**1.    INTRODUCTION**

On November 19, 2025, Plaintiff Larry Caldwell ("Plaintiff"), proceeding pro se, filed this action against Defendant Jared Hoy, Secretary of the Wisconsin Department of Corrections ("Defendant"). ECF No. 1. He also paid the filing fee. *See* ECF No. 1, docket notation. While the Court typically reserves the exercise of screening a complaint for those situations where the litigant proceeds without prepayment of the filing fee, the Court may nevertheless choose to screen a complaint for which the filing fee has been paid where such complaint presents obvious issues with pleading and/or frivolity. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ." (citation omitted)); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all

litigants . . . regardless of fee status." (citing 28 U.S.C. § 1915(e)(2)(B)). The Court will do so in this case.[1]

Ultimately, finding that the complaint's federal allegations fail to state a claim and could not do so even with amendment, the Court will dismiss the case and relinquish jurisdiction over Plaintiff's state claims. Plaintiff's request for appointment of counsel to represent him, ECF No. 1 at 8, will therefore be denied as moot.

2.  **RELEVANT FACTUAL ALLEGATIONS**

Plaintiff's complaint is extremely difficult to read and very nearly unintelligible, but the Court discerns what it can. On March 24, 1980, Plaintiff was sentenced in an abduction and sexual assault case. ECF No. 1 at 3; *see also State of Wisconsin v. Larry Caldwell*, Milwaukee Cnty. Cir. Ct. Case No. 1979CF006510, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=1979CF006510&countyNo=40&index=0&mode=details (last visited Jan. 30, 2026).[2]

On October 30, 1994, Plaintiff was released from prison after serving his sentence. ECF No. 1 at 4. At the time of his release, his parole officer asked him for his name and address, informing him that the Wisconsin Department of Corrections planned in the next 3 to 6 years to establish the first ever sex offender registration program in Wisconsin. *Id.* In 1997, Wisconsin did, in fact, establish its sex offender registry program. *Id.*; *see also* WIS. STAT. § 301.45. Plaintiff was required to register. ECF No. 1 at 4. He

---

[1] The Court notes that Defendant has filed an answer to the complaint. ECF No. 4. The Court screens the complaint nonetheless.

[2] The district court may take judicial notice of "public court documents" including state court dockets. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

notes that the sex offender registry has his date of entrance into the program as October 28, 1994. *Id.* at 3. He asks to be released from the sex offender registry immediately. *Id*. He also requests an attorney. *Id.* at 8.[3]

## 3. SCREENING

### 3.1 Legal Standard

At screening, the Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, FED. R. CIV. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

---

[3]Plaintiff brought an exceedingly similar complaint in 2017. *Caldwell v. Wis. Dep't of Corr.*, No. 17-CV-751-JPS, 2017 WL 2389634, at *1 (E.D. Wis. June 1, 2017). That complaint was dismissed without prejudice. *Id.* at 2.

(1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Although courts generally must permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

### 3.2 Analysis

Plaintiff's complaint is very nearly illegible and unintelligible, and for that reason alone, dismissal could be appropriate. *Stanard v. Nygren*, 658

F.3d 792, 797–98 (7th Cir. 2011) ("Though length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so. Again, the issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."). However, since the Court was able to discern some of Plaintiff's complaint with effort, the Court will not dismiss on that ground. Instead, the Court will undertake a substantive analysis of Plaintiff's complaint.

Looking now to the substance of the complaint, Plaintiff seems to raise three issues. First, he argues that he does not qualify for enrollment in Wisconsin's sex offender registration program, as his conviction for a sex offense took place before December 23, 1993, and the sex offender registration program was not created until 1997. ECF No. 1 at 4. Second, he argues that both the fact and process of his sex offender registration violated certain federal and state constitutional rights—including the Fifth Amendment, the Sixth Amendment, the Fourteenth Amendment, and Wisconsin Constitution Article 1 §§ 7 and 8—as well as certain Wisconsin statutes. *Id.* at 3–7. Third, Plaintiff seems to argue that his own enrollment in the registry did not follow the state's prescribed procedures. *Id.* at 3. Plaintiff also requests to be appointed an attorney. *Id.* at 8. The Court addresses each argument in turn.

As a brief preface, it is useful to note some background. Wisconsin Statutes §§ 301.45 and 301.46 govern the Wisconsin sex offender registry. Section 301.45 requires sex offenders who committed offenses on or after December 25, 1993 to register with the Wisconsin sex offender registry. Section 301.46 regulates the use of information in the registry. Both became

effective on June 1, 1997. *Sex Offenders*, FRANKLIN WISCONSIN, https://www.franklinwi.gov/Departments/Police/Sex-Offenders.htm [https://perma.cc/JZ3M-AZ6U] (last visited Jan. 6, 2026). With that baseline established, the Court turns to Plaintiff's arguments.

### 3.2.1 Plaintiff's First Argument

First, Plaintiff argues that he is categorically ineligible for sex offender registration, as his conviction for a sex offense took place before December 23, 1993, and the sex offender registration program was not created until 1997. ECF No. 1 at 4. However, Wisconsin Statute § 301.45(1g)(b) plainly applies to a person who is "in prison . . . on or after December 25, 1993" for a sex offense. Plaintiff admits that he was not released from prison for his sex offense until October 1994. ECF No. 1 at 4. So while Plaintiff is correct to note that he is not covered by Wisconsin Statute § 301.45(1g)(a)—which subjects those who are "convicted or adjudicated delinquent on or after December 25, 1993, for a sex offense" to registration requirements—he is nonetheless covered by Wisconsin Statute § 301.45(1g)(b) and was thus clearly intended for inclusion by the terms of the statute.

Moreover, the fact that the statute was enacted in 1997 but has retroactive effect is of little consequence. The Supreme Court squarely addressed this question in *Smith v. Doe*. 538 U.S. 84 (2003). In that case, two individuals convicted of sex offenses before their state's sex offender registration act was passed challenged its retroactive application to them as violating the *Ex Post Facto* Clause, U.S. CONST., art. 1, § 10, cl. 1. *Id.* at 89. In general, as here, the act's upshot was essentially a registration and notification procedure. *Id.* at 90; *see also* WIS. STAT. §§ 301.45, 301.46. Also similar to Wisconsin's statutory scheme, any sex offender who knowingly

failed to comply with the act would be subject to criminal prosecution. *Smith*, 538 U.S. at 90 (citing ALASKA STAT. §§ 11.56.835, 11.56.840); *see also* WIS. STAT. § 301.45(6). In holding that the act did not violate the *Ex Post Facto* Clause, the Supreme Court reasoned that (a) the legislature intended to establish a regulatory scheme that is civil and nonpunitive and (b) the statutory scheme was not "'so punitive either in purpose or effect as to negate [the State's] intention' to deem it 'civil.'" *Id.* at 92 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997)).

The same is true here. Indeed, the Seventh Circuit squarely addressed the Wisconsin law at issue in *Mueller v. Raemisch*. 740 F.3d 1128 (7th Cir. 2014). Acknowledging the distinctions between Wisconsin's law and Alaska's law—including Wisconsin's registration fee[4]—the Court nonetheless found that Wisconsin's statute did not violate the *Ex Post Facto* Clause because Wisconsin's requirements were not punishments. *Id.* at 1133 (citing *Smith*, 538 U.S. at 97–102).

---

[4] Other differences between Wisconsin and Alaska's laws include Wisconsin's prohibition against working or volunteering in jobs that would require the offender "to work or interact primarily and directly with children under 16 years of age," WIS. STAT. § 948.13(2)(a); filming or photographing children under 17 without the written, informed consent of the children's parents or guardians, § 948.14(2)(a); and changing one's name, or using a name other than the name by which one is designated in the records of the Wisconsin Department of Corrections, § 301.47(2). *Mueller*, 740 F.3d at 1131. Plaintiff here does not challenge any of these provisions and, indeed, would not have standing to challenge them. *See id.* at 1133 ("[P]laintiffs do not have standing to challenge this prohibition, because, while opposing it, neither of them expresses any intention of changing his name."); *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982) ("[A] plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." (citing *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166–67 (1972)).

Thus, Plaintiff's first contention fails, as it simply does not state a claim, and amendment would be futile. Dismissal here will operate with prejudice.

### 3.2.2 Plaintiff's Second Argument

Plaintiff's second argument is that his addition to the sex offender registry violated his rights under the Fifth Amendment, the Sixth Amendment, the Fourteenth Amendment, Wisconsin Constitution Article 1 §§ 7 and 8, and certain Wisconsin statutes.

Starting with Plaintiff's rights under the Fifth and Fourteenth Amendments, Plaintiff makes two relevant contentions. First, he argues that being subjected to the sex offender registration requirements constitutes double jeopardy. ECF No. 1 at 3, 4. Second, he argues that he was not afforded due process of law. *Id.* at 3, 5. The Court addresses the two in turn.

First, the Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "Although generally understood to preclude a second prosecution for the same offense, the [Supreme] Court has also interpreted this prohibition to prevent the State from 'punishing twice, or attempting a second time to punish criminally, for the same offense.'" *Kansas v. Hendricks*, 521 U.S. 346, 369 (1997) (quoting *Witte v. United States*, 515 U.S. 389, 396 (1995)). Thus, the question of whether the application of a law violates double jeopardy hinges on whether the law is punitive in nature. Here, the Seventh Circuit has plainly established that the sex offender registration requirement that Plaintiff challenges is a regulatory scheme, not a scheme of punishment. *Mueller*, 740 F.3d at 1133. This "removes an essential prerequisite for [his] double jeopardy . . . claim[]." *Kansas*, 521 U.S.

at 369; *see also Steward v. Folz*, 190 F. App'x 476, 479 (7th Cir. 2006) (finding that a similar registration and notification law did not violate the prohibition on double jeopardy). Plaintiff's double jeopardy claim therefore fails.

Second, Plaintiff argues that he received insufficient due process of law in violation of the Fifth and Fourteenth Amendments. ECF No. 1 at 4, 5. It is not clear precisely what process Plaintiff feels was deficient or owed. However, Plaintiff does note that in the context of his registration, there was no "written criminal crime complaint." ECF No. 1 at 4, 5–6. And from his reference to other criminal procedure statutes, *id.* at 5 (citing, e.g., WIS. STAT. §§ 968.02(1), (2), (3) (relating to the issuance and filing of complaints); 971.01(1), (2) (relating to the filing of informations); 939.70 (relating to the presumption of innocence and burden of proof); 967.03 (relating to the delegation of district attorney powers and duties)), it appears that Plaintiff believes that he was owed trial-like procedures before he could be enrolled in the sex offender registry. Indeed, Plaintiff notes that in the context of his enrollment in the registry, "there has never been any supporting court evidence[,] court orders[,] or anything else…" *Id.* at 6.

The Supreme Court has unequivocally "instructed that when conviction for a listed sex crime triggers registration in a sex offender registry, the procedural protections afforded the defendant prior to conviction are sufficient to establish the defendant's duty to register." *Steward*, 190 F. App'x at 479 (citing *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7 (2003)). The Seventh Circuit applied this specifically to Wisconsin's sex offender registration and notification law, holding that a sex offender "was not entitled to pre-registration process." *Murphy v. Rychlowski*, 868 F.3d 561, 566–67 (7th Cir. 2017) (citing *Conn. Dep't of Pub. Safety*, 538 U.S. 1). Put

simply, Plaintiff was not owed additional process beyond the process that saw him convicted for a predicate sex offense. His due process rights—at least procedurally—were not violated. And Plaintiff has not put substantive due process questions before the Court. Plaintiff's due process claim therefore fails.

Plaintiff also points to his Sixth Amendment rights as being violated in the registry enrollment process. He argues that he should have been afforded the right to confront the witnesses against him, the right to a speedy public trial, the right to obtain witnesses in his favor, and the right to assistance of counsel. ECF No. 1 at 3. This is patently inapposite, as the Sixth Amendment only applies in criminal prosecutions, not civil enrollments. U.S. CONST. amend. VI. And again, as explained above, based on settled Supreme Court and Seventh Circuit precedent, Plaintiff is not owed a second round of trial-like procedures before he can be enrolled in a sex offender registry. *See Conn. Dep't of Pub. Safety*, 538 U.S. at 7 (holding that where "a law's requirements turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest"—no additional process is implicated). Thus, any Sixth Amendment claim, too, must fail.

These represent the remainder of Plaintiff's federal claims. Since the Court sees no path forward for any of these claims and amendment would be futile, it will not give Plaintiff leave to amend. Dismissal will operate with prejudice with respect to these claims.

Plaintiff also argues that his rights under the Wisconsin Constitution have been violated. He refers to two sections: Article 1 § 7 and Article 1 § 8. ECF No. 1 at 3. This is a state law claim over which, for the reasons discussed *infra* Section 3.2.3, the Court will not retain jurisdiction. The same

Page 10 of 13
Case 2:25-cv-01835-JPS    Filed 01/30/26    Page 10 of 13    Document 7

is true with respect to Plaintiff's Wisconsin statutory claims, including his references to Wisconsin Statutes §§ 990.001 (addressing rules of construction for Wisconsin law); 968.02(1), (2), (3) (relating to the issuance and filing of complaints); 971.01(1), (2) (relating to the filing of informations); 939.70 (relating to the presumption of innocence and burden of proof); and 967.03 (relating to the delegation of district attorney powers and duties). ECF No. 1 at 5. These represent additional state law claims over which the Court will not retain jurisdiction for the reasons discussed *infra* Section 3.2.3.

### 3.2.3 Plaintiff's Third Argument

Finally, Plaintiff seems to argue that his enrollment in the registry did not follow the state's own prescribed procedures. ECF No. 1 at 3. This is a state law claim which, on its own, cannot be a basis for a 42 U.S.C. § 1983 civil rights claim. *Archie v. City of Racine*, 847 F.2d 1211, 1216–17 (7th Cir. 1988). Instead, such a claim can come before the Court only under federal supplemental jurisdiction. 28 U.S.C. § 1367(a). Where all federal claims are dismissed before trial, the "usual practice" is that a federal district court should generally dismiss the supplemental claims. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also Al's Service Center v. BP Products North America, Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims, which the plaintiff can then prosecute in state court.") (citations omitted).

Here, the Court sees no compelling reason for it to retain jurisdiction in the absence of federal claims, as the Court has not invested significant time or resources into the case thus far and, indeed, all of the Court's time

Page 11 of 13
Case 2:25-cv-01835-JPS   Filed 01/30/26   Page 11 of 13   Document 7

has been devoted to the federal issues. *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012) ("In certain limited circumstances, a substantial investment of the federal court's time may overcome the presumption, although we defer to the district court's judgment about when that threshold has been crossed."). Thus, Plaintiff's state law claims will be dismissed without prejudice.

4. **CONCLUSION**

For the reasons stated above, the Court dismiss this case. Dismissal will operate with prejudice with respect to Plaintiff's federal claims. Dismissal will operate without prejudice with respect to Plaintiff's state law claims. Because the case will be dismissed, the Court will deny as moot Plaintiff's request for counsel, ECF No. 1 at 8.

Accordingly,

**IT IS ORDERED** that Plaintiff Larry Caldwell's federal law claims, ECF No. 1, be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff Larry Caldwell's state law claims, ECF No. 1, be and the same are hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's request for the appointment of counsel, ECF No. 1 at 8, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2026.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.